# Order

Michigan Supreme Court
Lansing, Michigan

October 24, 2007

134099

MONYA MALOY, Personal
Representative of the Estate of
Yvonne Maloy, Deceased,
        Plaintiff-Appellee,

v

ST. JOHN DETROIT RIVERVIEW
HOSPITAL, a/k/a ST. JOHN
HEALTH SYSTEM – DETROIT –
MACOMB CAMPUS,
        Defendant-Appellant,

and

ACE HOMECARE NETWORK,
INC. and ASGAR MOHIUDDIN, M.D.,
        Defendants.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 134099
COA: 273292
Wayne CC: 03-328685-NH

On order of the Court, the application for leave to appeal the April 26, 2007 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and REMAND this case to the Wayne Circuit Court for entry of an order granting the defendant's motion for summary disposition. The lower courts erred in finding that the plaintiff's amended complaint sounded in ordinary negligence. First, there was a professional relationship between the plaintiff's decedent and the defendant hospital. *Bryant v Oakpointe Villa Nursing Ctr*, 471 Mich 411, 422 (2004). Second, the claim raises questions of medical judgment. *Id.* The record indicates that the continuing patient care ["CPC"] form at issue was prepared on the order of, and reviewed by, the decedent's surgeon and related only to aftercare for the plaintiff's decedent's colostomy. The decedent was given separate discharge orders from the doctor who was treating her for her diabetes. That physician would have exercised his own medical judgment to assess whether the decedent was capable of administering her own insulin and thus needed home health care for this condition. It is not within the scope of jurors' common

knowledge to know what information must be included on a CPC form, or whether there is some standard or requirement that all patient information be contained on a single form, rather than on a separate form from each treating physician. Because expert medical testimony would be required to establish the standard of care, the claim sounds in medical malpractice. *Bryant*, *supra*, at 423. The plaintiff's failure to comply with the expert testimony requirements relating to such claims required that the defendant's motion for summary disposition be granted.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 24, 2007

Clerk